IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ADAM ROLL,                                )
                                          )
           Plaintiff,                     )
                                          )
v.                                        )   Case No. 07-CV-0329-MJR
                                          )
SHERIFF MIKE KREKE, and                   )
JOHN DOE, RICHARD ROE, Police             )
Officers and Security Guards at           )
Clinton County Jail, The Identity and     )
Number of Whom is Presently               )
Unknown,                                  )
                                          )
           Defendants.                    )

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**A. Introduction and Factual/Procedural Background**

On May 1, 2007, Roll filed suit against Sheriff Mike Kreke and other unknown police officers and security guards at the Clinton County Jail, alleging violations of constitutional rights under 42 U.S.C. § 1983 and alleging willful and wanton lack of medical attention in violation of Illinois state law (Doc. 2). On June 15, 2007, Kreke filed a motion to dismiss Roll's complaint on behalf of himself and the other unknown officers (Doc. 6). Defendants allege that Roll's complaint fails to allege a constitutional deprivation and fails to sufficiently plead willful and wanton conduct (Doc. 6). Roll filed a response on June 27, 2007 (Doc. 8)[1] and Kreke submitted his reply on June 28, 2007 (Doc. 9). Having fully reviewed these

---

[1] Roll failed to respond to the merits of Kreke's motion to dismiss. Instead, Kreke argued that because Roll filed a subsequent answer to the complaint (Doc. 7), Kreke had waived arguments raised in his dismissal motion. Roll clearly misunderstood the application of **FED. R. CIV. PROC. 12(b).** While the rule prescribes that all legal and factual defenses to a claim for relief be asserted in a responsive pleading, it enumerates seven defenses that may alternatively be asserted by a motion served before the responsive pleading is due. **FED. R. CIV. PROC 12(b).** Because Kreke properly followed the procedure outlined in **FED R. CIV. PROC. 12(b),** Roll's argument is without merit.

filings, the Court **GRANTS IN PART AND DENIES IN PART** Kreke's motion to dismiss (Doc. 6).

### B.  Analysis

**FEDERAL RULES OF CIVIL PROCEDURE 8(a)(2) and 12(b)(6)** govern motions to dismiss for failure to state a claim.  To satisfy the notice pleading requirements of Rule 8(a)(2), a complaint need only include a short and plain statement of the claim showing that the pleader is entitled to relief.  In other words, a plaintiff must provide the grounds of his entitlement to relief by saying enough "to raise a right to relief above the speculative level."  ***Bell Atlantic Corp v. Twombly*, - U.S. - , 127 S.Ct. 1955, 1965-66 (2007).**

In *Bell Atlantic v. Twombly*, the United States Supreme Court "retooled federal pleading standards," and retired the oft-incanted standard from ***Conley v. Gibson*, 355 U.S. 41, 47 (1957)**, that a complaint should not be dismissed for failure to state a claim unless it appeared "beyond doubt" that the plaintiff could prove "no set of facts in support of his claim" which would entitle him to relief.  ***Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).**

*Bell Atlantic* called into question dicta contained in (and abrogated the holdings of) cases such as ***Kolupa v. Roselle Park District*, 438 F.3d 713, 715 (7th Cir. 2006),** which had declared Rule 12(b)(6) dismissal proper only "when it would be necessary to contradict the complaint in order to prevail on the merits."[2]  No longer does it suffice for a complaint to avoid foreclosing possible basis for relief; the complaint must indicate that the plaintiff *has* a right to relief.  ***EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007).**

---

[2] In ***Kolupa*, 438 F.3d at 714,** the Seventh Circuit reversed a Rule 12(b)(6) dismissal, stating:  "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate.  A full narrative is unnecessary….  Details come later…."

Specific facts are not necessary for a complaint to survive a motion to dismiss for failure to state a claim. **Jervis v. Mitcheff, - F.3d -, 2007 WL 4355433 (Dec. 13, 2007).** But, labels and conclusions alone will not suffice. Rather, the complaint must contain enough facts to state a claim that is plausible on its face, and the complaint must give the defendants "fair notice" of the grounds on which plaintiff's claim rests. **Killingsworth, 507 F.3d at 618.**

In assessing whether a complaint states a claim upon which relief can be granted (thereby escaping Rule 12(b)(6) dismissal), the district court accepts all well-pleaded allegations as true and draws all favorable inferences in plaintiff's favor. **Id. See also Erickson v. Pardus, - U.S. -, 127 S.Ct. 2197, 2200 (2007).**

**1. Defendants' Challenges to Counts III and IV**

The gravamen of Roll's § 1983 complaint is that the Defendants subjected him to violations of his constitutional rights by denying him medical care. To state a valid claim under § 1983, "a plaintiff must demonstrate that: (1) the defendant(s) deprived him of a right secured by the constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant(s) acting under color of law." **Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).** The United States Supreme Court has held that it is the government's obligation to provide medical care for those whom it is punishing by incarceration. **Estelle v. Gamble, 429 U.S. 97, 103 (1976).** An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. **Id.** The Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." **Id. at 104 (internal citations and quotations omitted).** This can occur when prison guards intentionally deny or delay access

to medical care.  *Id.*  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.  *Id.*

Here, Roll's complaint fails to specify with particularity the constitutional depravation he is challenging.  On its face, the complaint asserts a claim under 42 U.S.C. § 1983 and alleges facts which might be implied to complain of a depravation of Roll's rights under the Eighth Amendment.  However, Counts III and IV of Roll's complaint are not a model clarity and also refer to a deprivation of due process, implying a possible claim under the Fourteenth Amendment.  Roll fails to assert specifically which constitutional rights were deprived and it is not the Court's responsibility to devine which constitutional rights Roll intended to plead.

Furthermore, Roll's complaint confuses the issue by alleging violations of a state statute within his § 1983 claim.  ***See Jaworski v. Schmidt*, 684 F.2d 498, 500-501 (7th Cir. 1982) (explaining that § 1983 "provides a federal remedy for violations of federal civil rights... [s]tate law is to be resorted to in resolving an issue if, and only if, federal law is deficient...").**  Since a plaintiff must provide the grounds of his entitlement to relief by saying enough "to raise a right to relief above the speculative level," Roll must not leave the Defendants or this Court to surmise the constitutional rights deprivations he intended to allege.  ***See Bell Atlantic*, 127 S.Ct. at 1965-66.**

Because Roll failed to sufficiently plead his § 1983 claims, the Court **GRANTS** Defendants' motion to dismiss with respect to Counts III and IV **without prejudice and with leave to re-file.**

## 2. Defendants' Challenges to Counts I and II

Defendants also argue that Roll did not allege sufficient facts in Counts I and II of his complaint to support claims under Illinois state law for willful and wanton lack of medical attention. In *Ziarko,* the Illinois Supreme Court made it clear that willful and wanton conduct could involve either intentional conduct or reckless conduct. **Ziarko v. Soo Line R. Co.*, 641 N.E.2d 402, \* (Ill. 1994).**

Roll's complaint alleges that he was severely injured by blunt trauma to the abdomen while pushing his car just prior to being taken into custody by police. Upon experiencing excruciating pain, nausea, and vomiting, Roll alleges that he continually requested medical attention from the personnel at the Clinton County Jail and was refused treatment for four days. After Roll was seen at a local hospital, he was admitted for 12 days and treated surgically for peritonitis, gangrenous small bowel, and lacerated mesentry. Evidently, the advanced stages of infection prevented the physicians from closing his skin for three days following surgery. Accepting all well-pleaded allegations as true and drawing all favorable inferences in Plaintiff's favor, Roll's complaint pleads allegations sufficient to support the claim that Defendants were either reckless in failing to provide medical care or that they intentionally failed to provide medical care.

As such, the Court finds that Roll sufficiently pled his allegation of willful and wanton conduct. Accordingly, the Court **DENIES** Defendants' motion to dismiss Counts I and II of Roll's complaint.

## C. Conclusion

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss (Doc. 6). The Court **DENIES** Defendants' motion to dismiss

Counts I and II at this time and **GRANTS** Defendants' motion to dismiss Counts III and IV **without prejudice and with leave to re-file.** If Roll chooses to file an amended complaint, Roll shall do so by April 7, 2008.

       **IT IS SO ORDERED.**

       **DATED this 20th day of March 2008.**

                          **s/ Michael J. Reagan**
                          **MICHAEL J. REAGAN**
                          **United States District Judge**